EDA

FILED
FEBRUARY 18, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 988**

| | | |
|---|---|---|
| Jill R. Ostrowski, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Credigy Receivables, Inc., a Nevada corporation, and Stewart & Associates, P.C., Attorneys At Law., a Georgia professional corporation, | ) ) ) ) | **JUDGE MANNING**<br>**MAGISTRATE JUDGE DENLOW** |
| | ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jill R. Ostrowski, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Jill R. Ostrowski ("Ostrowski"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Fleet Bank, but now allegedly owed to Credigy Receivables, Inc.

4. Defendant, Credigy Receivables, Inc., is a Nevada corporation ("Credigy"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Credigy was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Ostrowski.

5. Defendant Credigy is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via various law firms. The debts Credigy buys are often so old that they are beyond the statute of limitations, and often Credigy has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

6. Defendant, Stewart & Associates, P.C. ("Stewart"), is a Georgia professional corporation and law firm, which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Defendant Stewart was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Ostrowski.

7. Defendant Credigy and Defendant Stewart share offices in Suwanee, Georgia, and have some, if not all, of the same owners and officers, including the same CEO/President, Steve Stewart.

**FACTUAL ALLEGATIONS**

8. Unbeknownst to Plaintiff, in 1994 someone obtained a Fleet Bank credit card in her name, which account became delinquent on or before February, 1999. When Ms. Ostrowski discovered that a fraudulent account had been opened in her name, she disputed the debt with Fleet and with the credit reporting agencies. At some time during 1999, Fleet sold the account to a debt scavenger, First Select, who in turn sold it to Defendant Credigy. At the time the account was sold the balance was $353.86.

9. Thereafter, Defendants placed the account for collection with a collection agency, Plaza Associates, which sent Ms. Ostrowski a collection letter, dated August 12, 2004, demanding, on behalf of Defendants, that she pay them $899.52 for the alleged Fleet Bank debt. A copy of this letter is attached as Exhibit A.

10. Ms. Ostrowski promptly disputed the debt, via a letter dated August 31, 2004, in which she informed Defendants, through their agent, Plaza Associates, that the alleged Fleet Bank account was not her account. A copy of this dispute letter is attached as Exhibit B. Eventually, Defendants' agent, Plaza Associates, ceased collection of the account.

11. Defendants, however, did not cease their collection efforts. Via a letter dated February 20, 2007, Defendants again demanded that Ms. Ostrowski pay them for the alleged Fleet Bank credit card debt. This letter was sent on Defendant Stewart's letterhead, and again claimed that Ms. Ostrowski owed $899.52 for the alleged Fleet Bank credit card debt. A copy of this letter is attached as Exhibit C.

12.     Ms. Ostrowski sent both Defendant Credigy and Defendant Stewart, a letter, dated February 28, 2007, disputing the debt and demanding proof that she owed the debt.  A copy of this letter is attached as Exhibit D.

13.     Nonetheless, Defendants, through another debt collector, Law Offices of Keith S. Shindler, Ltd., again demanded payment of the Fleet Bank debt, via a letter dated September 20, 2007, which stated that the amount of the debt allegedly owed by Ms. Ostrowski was $496.81.  A copy of this letter is attached as Exhibit E.

14.     On January 14, 2008, Defendants, through the Law Offices of Keith S. Shindler, filed a lawsuit against Ms. Ostrowski to recover the alleged Fleet Bank debt, in a matter styled: Credigy Receivables, Inc. v. Jill R. Ostrowski, Case No. 07 M1 222930 (Cook County, Illinois)(the "State Court Lawsuit") – despite the fact that the debt is not owed by her and despite the fact that "Credigy Receivables, Inc." is not licensed to conduct business in Illinois, as required by 805 ILCS 5/13.70.  A copy of the State Court Lawsuit is attached as Exhibit F.

15.     Attached to the State Court Lawsuit was a purported affidavit executed by Katresha Hughley (who holds the position of "Affiant" for Defendant Credigy), along with the purported terms and conditions for the account that Defendants claim formed the basis of the original contract between Ms. Ostrowski and Fleet Bank.  That generic agreement, however, is incomplete, is undated, and is likely not even the agreement that governs the fraudulent account at issue.

16.     Moreover, in the State Court Lawsuit, Defendant Credigy neither attached any of the past assignments of the alleged Fleet Bank debt, nor identified how or when

it obtained the alleged Fleet Bank debt, and failed to attach any evidence of a signed agreement between the parties.

17.    Defendants have a policy, practice and procedure of filing lawsuits on scavenged debts as to which they have no documentary proof and cannot obtain same. Instead, Defendants rely upon their network of attorneys to obtain default judgments against consumers, but generally close up shop and dismiss their lawsuits if challenged by an attorney for the consumer.

18.    All of Defendants' collection actions at issue in this lawsuit occurred within one year of the date of this Complaint.

19.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False Statements

20.    Plaintiff adopts and realleges ¶¶ 1-19.

21.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt.  See, 15 U.S.C. § 1692e.

22.    Defendant's violations of § 1692e of the FDCPA, include, but are not limited to:

    A)    falsely claiming that Ms. Ostrowski owed the alleged Fleet Bank debt;

B) falsely claiming that the account agreement attached to the complaint in the State Court Lawsuit, was a copy of *the* account agreement between Fleet Bank and Ms. Ostrowski;

C) falsely stating, in a sworn affidavit attached to the complaint in the State Court Lawsuit, that Credigy's business records had been reviewed and confirmed that Ms. Ostrowski owed a balance to Credigy relative to the alleged Fleet Bank debt;

D) falsely claiming the ability to file suit against Ms. Ostrowski, when, in fact, Credigy is not licensed to do business in the State of Illinois; and,

E) falsely representing the amount of the alleged Fleet Bank debt in the February 20, 2007 letter (Exhibit C), and/or the September 20, 2007 letter (Exhibit E), as well as the State Court Lawsuit (Exhibit F).

23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

24. Plaintiff adopts and realleges ¶¶ 1-19.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

26. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to:

6

      A)     filing the complaint in the State Court Lawsuit, after Ms. Ostrowski disputed the debt numerous times, and without proof that the account was opened by her;

      B)     filing a lawsuit against Ms. Ostrowski when Defendants had no intention of providing the relevant documentary proof to support their claims;

      C)     attaching a false affidavit in support of their complaint in the State Court Lawsuit;

      D)     filing lawsuits when not licensed or registered to do so in the State of Illinois;

      E)     attaching generic "account agreements" to complaints that are not the actual relevant agreement; and,

      F)     failing to attach any proof of the chain of title between Fleet Bank and Credigy.

27.     Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jill R. Ostrowski, prays that this Court:

1.     Declare that Defendants' collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Ostrowski and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jill R. Ostrowski, demands trial by jury.

                                      Jill R. Ostrowski,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated: February 18, 2008

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com