46160

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

CREDIGY RECEIVABLES, INC, ) Contract **07M1 222930**
    Plaintiff )
 ) No.
vs. )
 ) Return Date: JAN 1 4 2008    **08 C 988**
JILL R OSTROWSKI, )
 ) Amount claimed: $846.81
    Defendant(s) ) plus court costs

PLEASE SERVE JILL R OSTROWSKI AT:

THIS IS AN ATTEMPT TO COLLECT A
DEBT AND ANY INFORMATION OBTAINED         ████████, IL ████    **JUDGE MANNING**
WILL BE USED FOR THAT PURPOSE.                                **MAGISTRATE JUDGE DENLOW**

**SUMMONS**

To each Defendant - YOU ARE SUMMONED and required:
1. To file your written appearance by yourself or your attorney and pay the required fee in room 602 of the Richard J. Daley Center, 50 W. Washington St., Chicago, IL 60602 at or before 9:30 a.m. on 1-14-08
2. To file your Answer to the Complaint in Room 602 as required by Par. 3(c) in the Notice to Defendant below.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF IS ATTACHED HERETO.
To the Officer: This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 3 days before Return date.

THERE WILL BE A FEE TO FILE YOUR           WITNESS..........................................
APPEARANCE, IF $1,500.00 OR LESS, FEE
WILL BE $133.00, OVER $1,500, FEE WILL     ..........................................
BE $143.00, OVER $15,000 FEE IS $163.00         CLERK OF COURT
Date of service.. Jan 8, 2008
(To be inserted by officer on
copy left with person served)

****NOTICE TO DEFENDANT****

1. This case will not be heard on the Return Date. If you have filed your appearance or answer, you need not appear on return date.
2. If the complaint is notarized, your answer must be notarized.
3. On the day for appearance specified above the following will occur:
a. If you have not obeyed this summons, a judgment or an order of default will be entered against you. Judgment is entered only if the amount claimed is liquidated, the complaint is notarized
b. If you are sued for $10,000 or less you need not file an answer. Your case will be assigned for trial on the 14th day after the Return Date at 9:30 a.m. in a courtroom designated by the Presiding Judge.
c. If you are sued for more than $10,000 you must file your appearance on or before the Return Date. In addition, you must file your answer on the Return Date or within 10 days thereafter. On the Return Date if no jury demand is filed your case will be set for trial 63 days after the Return Date in a designated courtroom. On the Return Date if Jury Demand is filed your case will be assigned to a jury calendar
4. A late appearance or answer will not relieve you from a judgment or default except by court order.

LAW OFFICE OF KEITH SHINDLER, LTD, 1040 S. Milwaukee Ave, Suite 210, Wheeling, IL 60090
847-537-1000; Attorney #: 27053


EXHIBIT F

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | |
|---|---|
| CREDIGY RECEIVABLES, INC, <br> Plaintiff <br><br> vs. <br><br> JILL R OSTROWSKI, <br><br> Defendant(s) | ) Contract  **07M1 222930** <br> ) <br> ) No. <br> ) <br> ) Return Date: JAN 1 4 2008 <br> ) <br> ) Amount claimed: $846.81 <br> ) plus court costs |

## COMPLAINT

NOW COMES the Plaintiff, CREDIGY RECEIVABLES, INC, by and through their attorneys, Law Office of Keith S. Shindler, Ltd., and complaining of the Defendant(s), states as follows:

1. The Defendant(s) JILL R OSTROWSKI, entered into a credit card agreement with FLEET BANK ▮▮▮▮8477 whereby Defendant(s) received a credit card, account #▮▮▮▮▮▮▮▮8477 and could charge goods and services to their account and receive cash advances.

2. The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due to Plaintiff in the amount of $496.81.

3. For good and valuable consideration, Plaintiff is the assignee of Defendant's credit card agreement and account.

4. Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

5. Under the terms of the cardholder agreement, defendant shall, in the event of default, pay Plaintiff's reasonable attorney fees of $350.00 incurred in attempting to collect the loan.

WHEREFORE, Plaintiff, prays for judgment against the Defendant(s) for $846.81 plus court costs.

Law Office of Keith S. Shindler, Ltd.
1040 S. Milwaukee Avenue
Wheeling, IL 60090
(847) 537-1000
Cook County #: 27053
DuPage County #: 27223
ARDC #: 6202882

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

# AFFIDAVIT

I, Katresha Hughley, being first duly sworn, depose and say that I have reviewed the file in this matter and, as such, I am fully familiar with the facts and circumstances hereinafter set forth:

I hold the position of affiant with Credigy Receivables Inc., a corporation incorporated under the laws of the State of Georgia.

That I have reviewed the (electronic) file in this matter and as such, am familiar with the facts and circumstances of account number ▓▓▓▓▓▓▓3684 and the facts as set forth in plaintiff's complaint and its supporting documentation;

That I have reviewed the business records of Credigy Receivables Inc., kept in the ordinary course of business and that after all just due credits for payments and setoffs, there remains a balance due in favor of plaintiff Credigy Receivables Inc., and against defendant(s) OSTROWSKI, JILL R in the amount of $ 496.81 plus reasonable attorney's fees of $350 and interest (if applicable) pursuant to the agreement between the parties and court costs.

That defendant has been given all just due credits for payments and rebates, if applicable. That all services were rendered and/or goods sold have been delivered as per any and all agreements between the parties.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct.

SIGNED AND SWORN TO BEFORE ME ON

10/29/2007.

Notary Public

CHARLES FERGUSON
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires 12/28/2010

LF423
LF184

NO158

 Fleet

Following is a new Agreement governing your credit card account from Fleet Bank (RI), National Association which reflects important changes. Effective with billing cycles closing on or after November 1, 2002, the following Cardholder Agreement replaces your existing Agreement in its entirety, regardless of your account status, and will apply to any existing and future balances outstanding on your Account. New provisions are highlighted regarding (1) Annual Percentage Rate and, if you have not already been so notified, (2) Finance Charge and (3) various other charges. Please retain for your records.

## Cardholder Agreement

1. **Parties.** In this Agreement, "you" or "your" means Cardholder; "we" or "us" or "our" means Fleet Bank (RI), National Association, located in Rhode Island; "Card" means MasterCard or VISA card(s); "Account" means MasterCard or VISA account.

2. **Agreement to Terms.** In accordance with your request, we have opened an Account for you. Your signature on the application, your activation or use of the Card, and/or your use of the Account in any way, means you agree to the terms of this Agreement and the information on the Card back. This Agreement governs your Account and use of the Card we have issued to you. You must sign the back of the Card before you use it. We will pay merchants for goods and services you obtain by use of the Card and make other loans to you on terms stated in this Agreement. You authorize us to charge your Account for all such amounts, and for any other amounts advanced to third parties on your behalf. This includes, without limitation, any amounts so charged on your behalf as a result of use of any Card issued by us or MasterCard International or VISA U.S.A. You agree that you will not use or allow use of your Card or Account for any illegal transaction or purpose.

3. **Applicable Law.** This Agreement and your Account are governed by Rhode Island law, subject to applicable provisions of federal law.

4. **Arbitration Provision.** This Arbitration Provision sets forth the circumstances and procedures under which a Claim or Claims (as defined below) may be resolved instead of litigated in court.

   As used in this Arbitration Provision, the terms "Claim" or "Claims" means any claim, dispute or controversy between you and us arising from or relating to this Agreement (or prior Agreement) or any other agreement you may have had with us or our affiliates, including (without limitation from) the relationship of the parties, your credit card account (this "Agreement"), or the relationships resulting from this Agreement (or any prior Agreement), including the validity, enforceability or scope of this Arbitration Provision, this Agreement or any Prior Agreement. "Claim" or "Claims" include claims of every kind and nature between you and us, including but not limited to initial claims, counterclaims, cross-claims and third-party claims and claims based upon contract, tort, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief). The term "Claim" or "Claims" is to be given the

